# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **ANDREA VILA**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**PALM COAST RESTORATIONS, INC.**,<br>a Florida corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:22-cv-315<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ANDREA VILA** ("**VILA**" or Plaintiff), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Pregnancy Discrimination Act (PDA) and Florida Civil Rights Act (FCRA) for (1) pregnancy discrimination in violation of the PDA, and (2) pregnancy discrimination in violation of the FCRA.

## PARTIES

2. The Plaintiff, **ANDREA VILA** ("**VILA**") is an individual and a resident of Florida who at all material times was employed by the Defendant in Lee County, Florida.

1

3. Defendant, **PALM COAST RESTORATIONS, INC.** ("**PALM**" or "Defendant") is a Florida limited liability company, and has a principal place of business in Lee County, Florida. The Defendant employed **VILA**.

4. The Defendant employs in excess of 15 employees and is an employer under the PDA and FCRA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **VILA**'s state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff was employed in Lee County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Tampa Division under Local Rule 1.02(b)(5) since Lee County is within the Tampa Division.

8. **VILA** timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and received her Notice of Right to Sue on February 22, 2020, a true and accurate copy of which is attached as Exhibit 1.

## GENERAL ALLEGATIONS

9. **VILA** began her employment with the Defendant in May 2020, and was employed as the General Manager.

10. **VILA** always performed her assigned duties in a professional manner and was very well qualified for her position despite her pregnancy.

11. **VILA** received great performance reviews from Defendant's managers- that is until she disclosed her pregnancy.

12. On or about November 2, 2020, **VILA** disclosed her pregnancy to her supervisor.

13. Almost immediately thereafter, the Defendant's owner approached **VILA** and asked when she was planning on having an abortion.

14. When **VILA** informed the Defendant's owner that she was not, **VILA** later overheard the owner state that she was not paying **VILA** to sit at home and have babies and that she would just write **VILA** up and terminate her.

15. The Defendant then targeted **VILA** for termination and sought to replace her with a non-pregnant employee.

16. **VILA** objected to this in writing on November 13, 2020 and just one week later, the Defendant terminated her.

17. The Defendant terminated **VILA** as a result of pregnancy and her objection to pregnancy discrimination.

18. The Defendant's decision to terminate **VILA**'s employment violated **VILA**'s rights under the PDA and FCRA.

## **COUNT I – VIOLATION OF THE PREGNANCY DISCRIMINATION ACT (PDA)**

19. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

20. At all material times, **VILA** was an employee and the Defendant was her employer covered by and within the meaning of the PDA.

21. The Defendant intentionally discriminated against **VILA** because she was pregnant with regard to the terms and conditions of her employment, whereas other similarly situated non-pregnant employees were given unrestricted brief leave to accommodate their physical incapacity or for no reason at all.

22. The Defendant's employment and disciplinary policies were applied differently to **VILA** because of her pregnancy.

23. The Defendant intentionally discriminated against **VILA** by discharging her because she became pregnant.

24. The Defendant acted with malice or reckless indifference to the civil rights of **VILA**.

25. **VILA** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FCRA- PREGNANCY

26. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

27. At all material times, **VILA** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

28. The Defendant intentionally discriminated against **VILA** because she was pregnant with regard to the terms and conditions of her employment,

whereas other similarly situated non-pregnant employees were given unrestricted brief leave to accommodate their physical incapacity or for no reason at all.

29. The Defendant's employment and disciplinary policies were applied differently to **VILA** because of her pregnancy.

30. The Defendant intentionally discriminated against **VILA** by discharging her because she became pregnant.

31. The Defendant acted with malice or reckless indifference to the civil rights of **VILA**.

32. **VILA** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

### COUNT III – VIOLATION OF THE PDA - RETALIATION

33. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

34. **VILA** is a member of a protected class.

35. At all material times, **VILA** was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

36. **VILA** was qualified for the positions that she held with the Defendant.

37. **VILA** complained to the Defendant about the pregnancy discrimination and retaliation, and the Defendant clearly observed her growing discomfort concerning the same.

38. **VILA**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of the Defendant.

39. Said protected activity was the proximate cause of the Defendant's negative employment actions against **VILA**.

40. Instead of preventing said treatment, the Defendant retaliated against **VILA**.

41. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

42. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **VILA** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

43. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **VILA** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

44. As a direct and proximate result of the Defendant's actions, **VILA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

45. **VILA** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she

maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

## **COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION**

46. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

47. **VILA** is a member of a protected class.

48. At all material times, **VILA** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

49. **VILA** was qualified for the positions that she held with the Defendant.

50. **VILA** complained to the Defendant about the pregnancy discrimination and retaliation, and the Defendant clearly observed her growing discomfort concerning the same.

51. **VILA**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of the Defendant.

52. Said protected activity was the proximate cause of the Defendant's negative employment actions against **VILA**.

53. Instead of preventing said treatment, the Defendant retaliated against **VILA**.

54. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

55. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **VILA** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

56. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **VILA** is entitled to all relief necessary to make her whole as provided for under the FCRA.

57. As a direct and proximate result of the Defendant's actions, **VILA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

58. **VILA** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ANDREA VILA**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

                              Respectfully submitted,

Dated: May 12, 2022        **/s/ Benjamin H. Yormak**
                              Benjamin H. Yormak
                              Florida Bar Number 71272
                              Lead Counsel for Plaintiff
                              Yormak Employment & Disability Law
                              27200 Riverview Center Blvd., Suite 109
                              Bonita Springs, Florida 34134
                              Telephone: (239) 985-9691
                              Fax: (239) 288-2534
                              Email: byormak@yormaklaw.com